**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Sylvester Au Nguyen,<br><br>    Defendant. | No. CR-18-00603-001-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Mr. Sylvester Au Nguyen's ("Defendant") "Motion to Set Aside His Conviction and Restore His Constitutional Rights." (Doc. 54). The Government has not filed a response.

**I.      Background**

On April 22, 2019, Defendant pled guilty to Making a False Statement During the Purchase of Firearm in violation of Title 18, U.S.C. § 924(a)(1)(A). (Doc. 45 at 1). Defendant was committed to the custody of the Bureau of Prisons for a term of twelve-months and one day. (*Id*.) Defendant was also required to complete two-years of supervised release upon his release from custody. (*Id*.) Defendant has completed his term of incarceration as well as his term of supervised release. (Doc. 54 at 3).

Defendant filed a motion asking the Court to restore his constitutional rights under a state statute: Arizona Revised Statute § 13-907. (Doc. 54 at 2). Section 13-907 states that upon "completion of probation for an offense committed in this state . . . any person who has not previously been convicted of a felony offense shall automatically be restored

any civil rights that were lost or suspended as a result of the conviction if the person pays all victim restitution imposed." A.R.S. § 13-907(A). (Doc. 54 at 2). Defendant asks that the Court restore his right to vote and his right to bear arms. (*Id.*) Defendant also requests that the Court "set aside" his conviction so that he may apply for employment with California state government. (*Id.*)

**II.    Discussion**

Defendant requests: (1) that his conviction under Section 924(a)(1)(A) be expunged,[1] (2) that his right to bear arms under the Second Amendment be restored pursuant to an Arizona state statute, and (3) that his right to vote be restored. (*See* Doc. 54 at 2). The Court will address each of Defendant's requests in turn.

**A.    Expungement**

Defendant first requests that his conviction for making a false statement during the purchase of firearm be expunged. (Doc. 54 at 2). However, Defendant has not provided the Court with any authority that it can expunge his conviction.

Generally, when a defendant moves to expunge records, they ask that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself. *See United States v. Sweeney*, 914 F.2d 1260, 1262 (9th Cir.1990) ("an expunction order is similar to an order not to report a conviction"); *United States v. Johnson*, 941 F.2d 1102, 1111 (10th Cir.1991) (stating that "expunge" refers to the physical destruction of information with respect to criminal records).

The Ninth Circuit has recognized "two sources of authority by which courts may expunge records of criminal conviction: statutes and our inherent authority." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). A federal court's inherent authority is "limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id* (internal citations omitted). Neither source of authority exists here to allow the Court to expunge Defendant's conviction in this case. Thus, the Court cannot

---

[1] *See United States v. Hidalgo*, 932 F.2d 805, 806–07 (9th Cir. 1991) (equating the term "set aside" with "expunged" for purposes of determining a defendant's criminal history).

grant an expungement for his conviction under Section 924(a)(1)(A).

### B. Right to Bear Arms

Defendant also petitions this Court to restore his right to bear arms. (Doc. 54 at 2). The Court concludes that it does not possess the power to do so.

It is a felony for a person previously convicted of a felony to possess a firearm or ammunition. *See* 18 U.S.C. § 922(g)(1). A person is not considered a convicted felon for purposes of Section 922(g)(1) if his civil rights have been restored by certificate or operation of law, unless the "restoration of civil rights expressly provides that the person may not ship transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). Civil rights are restored by operation of law when the state in which the defendant was originally convicted has a general restoration statute which states that the rights and privileges withdrawn during a term of imprisonment are automatically restored upon discharge or parole. *See* Section 921(a)(20); *United States v. Gomez*, 911 F.2d 219, 221 (9th Cir. 1990).

For a defendant's civil rights to be restored, he must show that his rights have been restored under the laws of the convicting jurisdiction. *See Beecham v. United States*, 511 U.S. 368, 371 (1994). Therefore, only federal law can nullify the effect of a federal conviction. *See id.* at 373–74. Defendant petitions the Court to restore his civil rights under an Arizona state statute: Section 13-907(A).[2] (Doc. 54 at 2). This statute does not grant the Court the ability to restore Defendant's Second Amendment rights as it is a state statute and not a federal statute. When a defendant is convicted in federal court, the restoration of his rights under state law does not also restore his rights under federal law. *See Beecham*, 511 U.S. at 370–71 (rejecting the Eighth and Ninth Circuit's holdings that a

---

[2] Defendant also represents that he lives in California as he included a California mailing address in his Motion and asks the Court to expunge his conviction so that he can apply for jobs in California State Government, where his wife works. (Doc. 54 at 1–2). Although Defendant pled guilty to a crime in the District of Arizona, Arizona's restoration of rights procedures "appear to be expressly limited to Arizona residents." *United States v. Kimble*, 2022 WL 357350, at *1, n. 1 (D. Ariz. Feb. 7, 2022) (citing Ariz. Rev. Stat § 13-908(C) ("A person whose civil rights were lost or suspended as a result of a felony conviction in a United States district court and who has received an absolute discharge from imprisonment in a federal prison shall file the application for the restoration of civil rights in the county in which the person now resides.").

state's restoration of rights scheme can negate even a prior federal conviction).

Thus, the Court cannot restore Defendant's civil rights because the "restoration of civil rights is exclusively a state procedure." *United States v. Geyler*, 949 F.2d 280, 281 (9th Cir. 1991); *United States v. Shepard*, 2020 WL 1898888, at *2 (D. Ariz. Apr. 15, 2020) (holding that the district court "does not have the authority to restore [the defendant's] civil rights").

### C. Right to Vote

Finally, Defendant asks the Court to restore his right to vote. (*See* Doc. 54 at 2). The Court cannot restore a defendant's civil rights. *See Geyler*, 949 F.2d at 281. However, both Arizona[3] and California have state procedures for restoring the right to vote. It seems that Defendant now resides in California. (*See* Doc. 54 at 1). In California, the right to vote is restored upon completion of a prison sentence, but the ex-prisoner must re-register. *See Voting Rights: Persons with a Criminal History*, CAL. SEC'Y OF STATE, https://www.sos.ca.gov/elections/voting-resources/voting-california/who-can-vote-california/voting-rights-californians (last visited Oct. 4, 2023). Thus, Defendant's right to vote was restored once he was released from the Bureau of Prisons. Once he re-registers, he may vote in California.

### III. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Defendant's "Motion to Set Aside His Conviction and Restore His Constitutional Rights" (Doc. 54) is **DENIED**.

Dated this 6th day of October, 2023.

Honorable Diane J. Humetewa
United States District Judge

---

[3] "On completion of probation for an offense committed outside the jurisdiction of this state or absolute discharge from a prison in another state or the federal bureau of prisons, a person who has not previously been convicted of a felony offense is eligible for automatic restoration of any civil rights that were lost or suspended as a result of the conviction if the person pays all victim restitution imposed." Ariz. Rev. Stat. Ann. § 13-907(C).